**F I L E D**

PUBLISH

**OCT 1 2001**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CHRISTOPHER JOHN BOYCE,

Petitioner-Appellant,

v.

JOHN ASHCROFT, Attorney General of
the United States; JOHN HURLEY,
Warden, U.S. Penitentiary, Administrative
Maximum Security, Florence, Colorado,

Respondents-Appellees.

No. 98-1280

(D.C. No. 98-D-698)

---

ORDER ON PETITION FOR REHEARING

---

Before **EBEL** and **LUCERO**, Circuit Judges, and **VRATIL**,* District Judge.

---

On June 4, 2001, in a published opinion, this panel held that Boyce's petition for a writ of habeas corpus sought relief which was not cognizable under 28 U.S.C. § 2241, and that the district court had not erred in dismissing that petition. This matter comes before the court on Boyce's petition for rehearing filed June 20, 2001. Boyce states that the Bureau of Prisons transferred him from

---

*The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

ADX Florence, Colorado to FCI Sheridan, Oregon on May 31, 2001. He points out that the transfer is precisely the relief which his petition requested, and he contends that the published opinion is therefore moot. Petitioner asks the court to vacate and "depublish" the opinion and allow him to voluntarily dismiss his appeal *nunc pro tunc* as of the date of his transfer, May 31, 2001.

The court agrees that the case became moot when the BOP transferred petitioner to FCI Sheridan. See, e.g., Preiser v. Newkirk, 422 U.S. 395, 403 (1975) (claim that transfer was unconstitutional moot upon re-transfer); Kearns v. Turner, 837 F.2d 336, 338 (8th Cir. 1988) (aspect of habeas petition seeking to enjoin transfer for final disposition of state law charge became moot when petitioner transferred and sentenced); Burrus v. Turnbo, 743 F.2d 693 (9th Cir. 1984) (Ninth Circuit affirmed district court injunction against transfer of prisoner; prisoner released while case pending before Supreme Court, which then vacated judgment and remanded to district court with instructions to vacate injunction and dismiss case as moot)*, vacated as moot sub nom*, Hijar v. Burrus, 474 U.S. 1016 (1985); see also Kenney v. State of Colorado, 185 F.3d 874, 1999 WL 476104 (10th Cir. July 9, 1999) (citing Kearns and Burrus in ruling that habeas petition was moot).

The government asserts that the panel opinion rested upon a finding that the district court lacked jurisdiction under 28 U.S.C. § 2241, and not a holding that

Boyce had failed to state an actionable claim under that statute. If this position is correct, we need not address the question of mootness because the court has discretion to first reach the jurisdictional issue. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999) (court may decide personal jurisdiction before subject matter jurisdiction); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998) (court must address issues of jurisdiction before reaching merits). Although the court may have discretion to decide subject matter jurisdiction before reaching the issue of mootness, however, we find no reason to do so in this case. The matter is unquestionably moot. The court therefore vacates its judgment and remands to the district court with directions to vacate its judgment as moot. See Great W. Sugar Co. v. Nelson, 442 U.S. 92, 99 (1979) (per curiam) ("[w]here it appears upon appeal that the controversy has become entirely moot, it is the *duty* of the appellate court to set aside the decree below and to remand the cause with directions to dismiss.").

Regarding Boyce's request to "depublish," we are not sure what such a request means in practical effect. See Martinez v. Winner, 800 F.2d 230, 231 (10th Cir. 1986) (denying request to vacate published opinions, noting that "the opinions may be useful to someone in the future simply as a description of the course of this case"). Our decision to vacate the judgment and direct the district court to vacate its judgment removes the preclusive effect (if any) of the vacated

judgments.  See id.

The judgment of this court affirming the district court's dismissal of Boyce's petition for writ of habeas corpus is hereby vacated.  The district court is ordered to vacate its judgment and dismiss the case as moot.

Entered for the Court

PATRICK FISHER, Clerk of Court

By:

Deputy Clerk