**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 10 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BOBBY LEE BRIDGES,

     Petitioner - Appellant,

vs.

UNITED STATES OF AMERICA,

     Respondent - Appellee.

No. 00-3376
(D.C. No. 00-CV-3170-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

     Mr. Bridges, an inmate appearing pro se, appeals from the district court's dismissal of his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241. The district court found that "no show cause order to respondents [was] required" and dismissed the petition. R. doc. 4, at 2. We have jurisdiction under § 2253(a) and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

While imprisoned in a Kansas state prison, Mr. Bridges was charged with four counts of violating federal drug laws. The federal district court issued a writ of habeas corpus ad prosequendum on May 29, 1998. On June 1 or 2, the U.S. Marshals Service filed a detainer against Mr. Bridges with the Kansas Department of Corrections. Pet. Br. ex. A. Mr. Bridges pleaded guilty to three of the four counts and received 175 months of imprisonment for the first two counts and 120 of months imprisonment for the third count, to be served concurrently. His sentence was affirmed. United States v. Bridges, 216 F.3d 1088, 2000 WL 796079, at *1 (10th Cir. 2000). According to Mr. Bridges, he began serving his federal sentence in the El Reno, Oklahoma federal prison, but was then transferred back to Kansas state prison. R. doc. 1, at 3-4, 5-6.

In his petition, Mr. Bridges requested that he be "set at liberty" because both his state and federal convictions were of no "further cause and effect." Id. at 9. Mr. Bridges argued that his federal conviction should be vacated under the Interstate Agreement on Detainers Act ("IADA"); K.S.A. § 22-4401 (Kansas version), 18 U.S.C. App. 2 § 2 (federal version), because he was not immediately returned to state prison after sentencing. He also argued that he was constructively pardoned of his federal conviction when he was returned to state prison. Finally, Mr. Bridges asserted that Kansas lost custody once the federal

government obtained temporary custody.[1]

The district court treated Mr. Bridges' petition as brought by a federal prisoner.[2] The court found that Mr. Bridges was returned to state prison after his federal sentence was imposed, R. doc. 4, at 1, and held that the IADA was not applicable because Mr. Bridges' appearance in federal court was secured by a writ of habeas corpus ad prosequendum, not a detainer. Id. at 3.

We review the district court's dismissal of Mr. Bridges' § 2241 petition de novo. Patterson v. Knowles, 162 F.3d 574, 575 (10th Cir. 1998). Having reviewed Mr. Bridges' petition, the district court's order, the record, and Mr. Bridges' brief on appeal, we affirm the district court's denial of Mr. Bridges'

---

[1] Mr. Bridges also appears to have complained of First, Eighth and Fourteenth Amendment violations during his incarceration in federal prison. R. doc. 1, at 7-8. Because these claims do not challenge the fact or duration of custody, but rather the conditions of Mr. Bridges' confinement, they are "properly raised under Bivens and not in habeas." Boyce v. Ashcroft, 251 F.3d 911, 918 (10th Cir. 2001).

[2] Because Mr. Bridges also challenges the fact or duration of his state sentence, R. doc. 1, at 7, his petition could be treated as brought by a state prisoner. If Mr. Bridges' petition is so treated, a certificate of appealability ("COA") is required. Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). Because the district court did not address whether a COA should issue, the district court is deemed to have denied the COA. Emergency General Order of October 1, 1996. To obtain a COA on appeal, Mr. Bridges is required to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has failed to make this showing. Accordingly, whether Mr. Bridges' petition is treated as brought by a state prisoner or a federal prisoner, as explained infra, our conclusion is the same.

petition.[3] The IADA is not applicable to Mr. Bridges' claim.  While the federal government was required to return Mr. Bridges to the Kansas state prison "[a]t the earliest practicable time," 18 U.S.C. App. 2 § 2, Art. V(e); see also K.S.A. § 22-4401, Art. V(e), and had temporary custody of Mr. Bridges "only for the purpose of permitting prosecution on the . . . charges contained in [the] indictment[]," 18 U.S.C. App. Art. V(d); see also K.S.A. § 22-4401, Art. V(d), the IADA does not require that Mr. Bridges' conviction be vacated merely because he allegedly served a portion of his federal sentence before being transferred back to state prison.  Cf. Alabama v. Bozeman, 121 S.Ct. 2079, 2082 (2001) (holding that literal language of Article IV(e) of IADA bars further criminal proceedings where prisoner is brought to receiving state for arraignment and returned to the sending state the following day).

Mr. Bridges' remaining two claims are meritless.  The federal government did not constructively pardon Mr. Bridges or commute his federal sentence when he was returned to state prison.  Cf. Shields v. Beto, 370 F.2d 1003, 1005-06 (5th Cir. 1967) (a pre-IADA case cited by Mr. Bridges; holding that "the extraditing of [the prisoner] to Louisiana authorities and the release by Texas of the prisoner

---

[3] We decline to consider Mr. Bridges' argument that "he should be credited for time served since his arrival at C.C.A. on his federal case," Pet. Br. at 4, because he failed to raise the argument before the district court.  Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

before expiration of his sentence constituted a waiver of jurisdiction over [the prisoner], especially where the surrendering sovereign (Texas) showed no interest in the return of the prisoner, either by agreement between the sovereigns, by detainer, or any other affirmative action taken by it following his release in Louisiana. A prisoner cannot be required to serve his sentence in installments." (citation omitted)).  Nor did Kansas relinquish any rights when it turned Mr. Bridges over to the federal government.  Not surprisingly, Mr. Bridges has failed to cite any pertinent authority for either proposition.

Accordingly, Mr. Bridges' petition is DENIED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge