**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 27, 2006**

**TENTH CIRCUIT**

_____

MADYUN ABDULHASEEB, also
known as Jerry L. Thomas,

    Petitioner - Appellant,

v.

RON WARD; SAM CALBONE,

    Respondents - Appellees.

No. 05-6054
(W.D. Oklahoma)
(D.Ct. No. 04-CV-1140-W)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**
_____

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Madyun Abdulhaseeb (also known as Jerry Thomas) requests a certificate of appealability (COA) seeking review of the district court's denial of his 28 U.S.C. § 2241 petition for writ of habeas corpus.[1] There being no basis for an

_____

[1] Abdulhaseeb filed his petition on a generic form entitled "PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY." The magistrate

appeal, we deny COA and dismiss.[2]

Abdulhaseeb was charged with the improper use of a prison typewriter when prison officials discovered he had sent typed poems to a former female employee of the prison. He was afforded a hearing in the prison and was found to have committed the violation as charged. As a result sanctions were imposed; he received thirty days in administrative segregation and lost 180 days of earned credit. Both his institutional and departmental appeals were denied. On September 13, 2004, Abdulhaseeb filed a *pro se* § 2241 petition in the United States District Court for the Western District of Oklahoma alleging fourteen grounds for relief. The matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636. The Oklahoma Attorney General was directed to respond to Abdulhaseeb's petition, which it did via a motion to dismiss for failure to exhaust administrative remedies.

---

judge referred to the petition as one arising under § 2241. However, in its order adopting the magistrate's report and recommendation, the district court referred to the petition as one arising under 28 U.S.C. § 2254. Because Abdulhaseeb's petition challenges his prison disciplinary proceedings, the magistrate correctly referred to the petition as a § 2241 petition. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (stating petitions under § 2241 are used to attack the execution of a sentence, including the deprivation of good-time credits and other prison disciplinary matters); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) ("If [the petitioner] can show that his due process rights were violated in the subject disciplinary proceedings, then § 2241 would be the appropriate remedy to use to restore his good time credits.").

[2] Because Abdulhaseeb appears *pro se*, we construe his pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

On November 29, 2004, the magistrate issued a report and recommendation. She concluded Abdulhaseeb's petition contained both exhausted and unexhausted claims. Although normally such mixed petitions should be dismissed without prejudice to refiling, the magistrate concluded dismissal was not required because all of the claims, with the exception of Counts 1, 2, and 14, could be denied on the merits. As to Counts 1, 2, and 14, the magistrate concluded that because they related to the conditions of confinement, as opposed to the fact or duration of confinement, they should be brought pursuant to 42 U.S.C. § 1983 after Abdulhaseeb exhausted his administrative remedies. Consequently, the magistrate recommended those claims be dismissed without prejudice to refiling.

On December 13, 2004, Abdulhaseeb filed objections to the magistrate's report and recommendation. On January 19, 2005, the district court adopted the magistrate's report and recommendation; judgment was entered accordingly. On February 14, 2005, Abdulhaseeb filed a notice of intent to appeal, which the district court construed as a request for a COA and denied. On appeal, Abdulhaseeb renews his request for a COA.

## Discussion

Because he is a state prisoner, before Abdulhaseeb may appeal in a §2241 case, he must obtain a COA. 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867-69 (10th Cir. 2000). A COA may be issued "only if the applicant

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Abdulhaseeb must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted). After a thorough review of the record, Abdulhaseeb's brief, and the relevant authority, we affirm the district court's disposition of the § 2241 petition.

*A. Counts 1, 2, 14*

Counts 1, 2 and 14 pertained to Abdulhaseeb's alleged improper placement and confinement in a restricted housing unit pending the investigation of his charge. Because these counts relate to the conditions of Abdulhaseeb's confinement, rather than the fact or length of his confinement, they are improperly brought pursuant to 28 U.S.C. § 2241 and should be brought under 42 U.S.C. § 1983. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (stating constitutional claims that merely challenge the conditions of a prisoner's confinement as opposed to the fact of his conviction or the duration of his sentence fall outside the "core" of habeas corpus and may be brought pursuant to

§ 1983).[3] Consequently, the district court properly dismissed these claims without prejudice to refiling after Abdulhaseeb has exhausted his administrative remedies.

*B. Counts 3-13*

Counts 3-13 all alleged violations of Abdulhaseeb's due process rights prior to or during his disciplinary proceedings. Due process requires procedural protections before a prison inmate can be deprived of a protected liberty interest in earned good time credits. *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996). However, because prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so," the full panoply of rights due a defendant at a criminal trial do not apply. *Wolff v. McDonnell*, 418 U.S. 539, 556, 561 (1974). To satisfy due process in a prison disciplinary proceeding under *Wolff*, "the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent

---

[3] *See also Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001) ("[P]risoners who want to challenge their convictions, sentences or administrative actions which revoke good-time credits, or who want to invoke other sentence-shortening procedures, must petition for a writ of habeas corpus. Prisoners who raise constitutional challenges to other prison decisions--including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, *e.g.* conditions of confinement, must proceed under Section 1983 or *Bivens*.") (citation omitted), *vacated as moot*, 268 F.3d 953 (10th Cir. 2001).

with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

In this case the magistrate conducted a thorough analysis (which the district court adopted) as to why Counts 3-13 could not be sustained and we agree with that analysis. Under *Wolff*, Abdulhaseeb had no right to receive a copy of the posting in the law library stating "TYPEWRITERS ARE TO BE USED FOR LEGAL WORK ONLY!" (Count 3). (R. Doc. 1, Attachment Page 2 (quotations omitted).) It was sufficient that Abdulhaseeb was aware that such posting served as the basis for the charge and that the factfinder relied upon it as evidence of his guilt. He also had no right to assistance from a staff representative during the disciplinary process (Count 8). There is no indication that Abdulhaseeb is illiterate and the issues were not complex. *Wolff*, 418 U.S. at 570.

We also reject Abdulhaseeb's claims that prison officials violated his due process rights by failing to (1) complete a "Witness Discretionary Action" form, (2) provide him a copy of the "Review of Evidence" form, (3) supply him with a detailed description of the offense, in particular, who "tipped" the reporting officer to the fact that he had sent a letter to a former employee, (4) conduct an independent investigation to discover exculpatory and mitigating evidence on his

behalf, and (5) timely review his institutional appeal (Counts 5-7, 9, 12). The attachments to Abdulhaseeb's § 2241 petition demonstrate Abdulhaseeb received all the process he was due, *i.e.*, he was given advanced written notice of the charge against him, he informed the investigator that he did not wish to call witnesses or submit documentary evidence, and he received a written statement from the hearing officer as to the evidence relied upon and the reasons for the disciplinary action.

Additionally, Abdulhaseeb's allegations of impartiality are without merit (Counts 10-11, 13). Although inmates have a due process right to an impartial decisionmaker in the prison disciplinary context, review of due process challenges based on impartiality is limited to whether such bias prevented the inmate from a meaningful opportunity to be heard and whether discipline was imposed for an improper purpose. *Mitchell*, 80 F.3d at 1446. Abdulhaseeb fails to indicate how any of his allegations of impartiality denied him a meaningful opportunity to be heard or resulted in discipline being imposed for an improper purpose.

Lastly, we reject Abdulhaseeb's argument that there was insufficient evidence supporting his conviction. Abdulhaseeb has never denied that he sent typed letters and poems to the former employee. Although he states he had permission from the programs director and library tech to use the typewriters in the law library for educational and personal matters, he never attempted to call

these individuals as witnesses.  Rather, he merely informed the hearing officer he had such permission.  Obviously, the hearing officer found his testimony incredible and we will not re-weigh that assessment.  *Hill*, 472 U.S. at 455.  Additionally, the evidence he presents for the first time in his § 2241 petition only demonstrates he had permission to the use the typewriters for educational purposes, not for personal correspondence.  Accordingly, we conclude there is more than "some evidence" in the record supporting the hearing officer's decision that Abdulhaseeb improperly used the prison's typewriters.  *Id.* at 454.

Abdulhaseeb's request for a COA is **DENIED** and the appeal is **DISMISSED**.  Abdulhaseeb filed with this Court a request to proceed *in forma pauperis* (*ifp*) for this appeal.  He was granted permission to proceed *ifp* in the district court.  Since the district court did not certify in writing that the appeal was not taken in good faith (28 U.S.C. § 1915(a)(3)) his *ifp* status continues in this court without further order.  *See* FED. R. APP. P. 24(a)(3).  Accordingly, his *ifp* request is denied as moot.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge
