**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 3, 2007**

**TENTH CIRCUIT**

ABE LEHI,

   Petitioner-Appellant,

  v.

J. C. ZUERCHER, Warden,

   Respondent-Appellee.

No. 07-1131

(Case No. 07-cv-180-ZLW)

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

This pro se 28 U.S.C. § 2241 federal prisoner appeal is the fourth in a series of pleadings brought by Petitioner to challenge his conviction and sentence. After a careful review of Petitioner's brief, the record on appeal, and the district court's disposition, we affirm.

Although Petitioner's pleading purported to seek relief under § 2241, the district court correctly noted that, "[d]espite his protests to the contrary, Mr. Lehi

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

is challenging the validity of his conviction and sentence." (Order and Judgment of Dismissal at 2.) "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965).[1] The § 2255 remedy will be inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). The fact that Petitioner has been denied relief under § 2255 and may be barred from filing a second or successive § 2255 petition does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *Id.*; *see also Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963). Because Petitioner challenges the validity of his judgment and sentence and has not demonstrated that he lacks an adequate and effective remedy under § 2255, his § 2241 petition is inappropriate. Accordingly, we **AFFIRM** the district court's dismissal of the action. Petitioner's motion for leave to proceed *in forma pauperis* is **GRANTED.**

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1] Petitioner's reliance on *Boyce v. Ashcroft*, 251 F.3d 911, 917-18, *vacated as moot*, 268 F.3d 953 (10th Cir. 2001), is misplaced. *Boyce* dealt only with the distinction between habeas petitions and *Bivens* actions, *see Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and did not purport to alter the well-established distinction between § 2241 and § 2255 habeas petitions.