**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 12, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL ANTONELLI,

       Plaintiff-Appellant,

v.

JOE KEFFER, Warden,

       Defendant-Appellee.

No. 06-6310

(W.D. of Oklahoma)

(D.C. No. CIV-06-0628-HE)

**ORDER**

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[*]

Michael C. Antonelli appeals the denial of a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 as well the denial of his request to proceed *in forma pauperis*. Since Mr. Antonelli filed his complaint without the benefit of counsel, we liberally construe his claims. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Even after carefully reviewing the record, Mr. Antonelli's petition is difficult to interpret, but we read it as alleging that his transfer from a medium security federal prison to a maximum security federal

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

facility constituted an improper execution of his sentence. In addition, Mr. Antonelli appears to seek relief from his conditions of confinement in the maximum security facility where he currently resides.

To begin, we do not have jurisdiction over Mr. Antonelli's challenge to the execution of his sentence because he is imprisoned in Kentucky, and "[a] petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). In addition, we hold that inasmuch as Mr. Antonelli attacks the conditions of his confinement, § 2241 is not the proper vehicle for such a challenge.

Because Mr. Antonelli's petition fails to state a cognizable claim we dismiss the appeal without exercising jurisdiction, and we deny his request to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B) (depriving federal courts of jurisdiction . . . where the prisoner "fails to state a claim on which relief may be granted").

## I. BACKGROUND

Mr. Antonelli is a federal prisoner who filed the instant petition while he was briefly incarcerated at the Federal Transfer Center (FTC) in Oklahoma City, Oklahoma in 2005. In addition to this petition, Mr. Antonelli filed another § 2241 petition while he was confined in a federal prison in El Reno, Oklahoma (El Reno petition). Mr. Antonelli's stint in El Reno ended on February 3, 2005 when he was transferred to a facility in Forrest City, Arkansas to undergo a 500-hour

2

Residential Drug Abuse Program, a condition of his sentence. On May 15, he was moved from Forrest City to the FTC. He filed this petition before he was transferred to the maximum security facility in Inez (Big Sandy), Kentucky where he currently resides.

In this § 2241 petition, Mr. Antonelli complains that his transfer from Forrest City to Big Sandy, which he avers is "a more dangerous prison," Aplt's Br. at 5, constituted an "improper execution of his sentence." Aplt's Br. at 1. He maintains that prison officials at Forrest City perpetrated a "pattern of harassment [that] developed into a conspiracy to harass, inimidate [sic.], degrade, demean, embarras [sic.] and infringe upon [his] rights" in retaliation for "having exercised his first amendment [sic.] rights[2] to petition government for redress." Id. at 2. Mr. Antonelli alleges that the perpetrators of this alleged retaliatory conspiracy "inappropriately and fictitiously doctored [his security/custody classification status] in order to unjustly and unfairly effectuate a transfer from Forrest City Medium to a higher security/custody facility at [Big Sandy]."

## II. DISCUSSION

### A. JURISDICTION

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is

---

[2] The exercise of First Amendment rights to which Mr. Antonelli refers is presumably the El Reno petition.

3

confined." Caravalho v. Pugh, 177 F.3d 1177, 1178 (1999) (internal citation omitted). Since Mr. Antonelli is imprisoned in Kentucky, we do not have jurisdiction over the instant petition and therefore dismiss Mr. Antonelli's claim.

Alternatively, in the event that we have misconstrued Mr. Antonelli's largely incoherent pleadings and appeal, we hold that Mr. Antonelli has failed to state a claim inasmuch as he has challenged the conditions of his confinement. In order to state a claim under § 2241, a petitioner must challenge the fact of, and not merely the conditions of confinement. See McIntosh v. United States Parole Com'n, 115 F.3d 809, 812 (10th Cir. 1997) (noting that a proper § 2241 petition challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.") (internal citation omitted). "[I]f a favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is 42 U.S.C. § 1983." Id.

In Boyce v. Ashcroft, 251 F.3d 911, 918 (10th Cir. 2001), *judgment vacated on rehearing*, 268 F.3d 953 (10th Cir. 2001), we applied the precedent cited above to a case with facts strikingly similar to the one at bar. As in this case, in Boyce, a federal prisoner alleged that he had been transferred from a medium to a maximum security facility in retaliation for exercising his First Amendment rights. Reasoning that "the traditional function of the writ is to

4

secure release from illegal custody," Boyce, 251 F.3d at 917, this court held that "[a § 2241 petition] may not be used to challenge a prisoner's placement within a given jurisdictional entity, such as the federal prison system." Id. at 918.

Although we vacated our holding in Boyce, we did so because Mr. Boyce's transfer to the medium security facility he requested mooted the case. Boyce's reasoning remains persuasive and solidly supported by precedent. See McIntosh, 115 F.3d at 811-12. ("[A]lthough a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters, this does not make § 2241 actions like condition of confinement lawsuits, which are brought under civil rights laws.") (internal citations omitted).

In the instant case, like the petitioner in Boyce, Mr. Antonelli's challenge to the execution of his sentence focuses on his transfer from a medium to a maximum security facility. He does not allege that Mr. Keffer or any other prison official has increased his sentence or deprived him of any good-time credit. Thus, even liberally construing Mr. Antonelli's claims, he has failed to allege a valid factual basis for a § 2241 petition. We therefore agree with the magistrate judge that Mr. Antonelli's suit should be filed under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

B. THREE STRIKES UNDER 28 U.S.C. § 1915(g)

As the magistrate judge observed, this marks Mr. Antonelli's ninth § 2241

5

petition in a seventeen-month period. Mr. Antonelli's eight § 2241 petitions to the Eastern District of Arkansas prompted the court there to declare that "[w]ith his repetitive, duplicative, frivolous, and abusive filings, [Mr. Antonelli] has caused the judges of this Court to expend a substantial amount of time that otherwise could have been spent on petitions filed by prisoners who do not abuse the judicial process." Antonelli v. Sanders, No. 2:06cv00117, 2006 WL 1489206, at *8 (E.D. Ark. May 26, 2006). Mr. Antonelli's flurry of frivolous petitions to the Arkansas district court is merely a tributary in the river of meritless litigation he has initiated as a prisoner in the federal system. See id. at *4 n.2 (noting that Mr. Antonelli's frequent filings in the D.C. Circuit "led to an unprecedented series of court rulings dismissing Antonelli's lawsuits, with prejudice, as a sanction for his misrepresentations" that the court characterized as "fraud") (internal quotations omitted); id. at *8 n.5 (observing that Mr. Antonelli filed as many as "94 actions at the district court level" in the Eastern District of Texas, "many of which were dismissed as frivolous or for failure to state a claim").

As a result of Mr. Antonelli's frivolous civil rights filings, it is clear that Mr. Antonelli surpassed the three-strike limit under 28 U.S.C. § 1915(g) sometime ago. See Antonelli v. Hannah, 210 F.3d 374, at *1 (7th Cir. 2000) (noting that a district court had dismissed an action because Mr. Antonelli had "already acquired three strikes"). Thus, we remind Mr. Antonelli that "[i]n no event shall [he] bring a civil action or appeal a judgment in a civil action or

6

proceeding under [§ 1915] . . . unless [he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### III. CONCLUSION

For the foregoing reasons, we DENY Mr. Antonelli's request to proceed in forma pauperis and DISMISS the petition.

Entered for the Court,


Elisabeth Shumaker
Clerk of Court

7