FILED
United States Court of Appeals
Tenth Circuit

October 16, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROMAN C. MESINA,

     Petitioner-Appellant,

v.

RON WILEY, Warden, Federal Prison
Camp,

     Respondent-Appellee.

No. 09-1124
(D.C. No. 1:09-CV-00239-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **MCKAY**, and **SEYMOUR**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is

therefore ordered submitted without oral argument.

Mr. Mesina appeals a district court's denial of his Amended 28 U.S.C. §

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, or collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited
under the terms and conditions of 10th Cir. R. 36.3.

2241 petition. His original *pro se* application for a writ of habeas corpus challenged a Bureau of Prisons ("BOP") decision to preclude contact between him and his brokerage firm and to place him on mail monitoring status. Upon review, the Magistrate Judge ordered Mr. Mesina to file an amended pleading on the Court's Prisoner Complaint form because Mr. Mesina's claims were not habeas corpus claims. In addition, the Magistrate Judge ordered Mr. Mesina to pay a $350.00 civil action filing fee for a civil action, or to file a Motion and Affidavit for Leave to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On February 27, 2009, Mr. Mesina filed an amended application for writ of habeas corpus as well as two affidavits in support of his application, a motion for preliminary injunction or temporary restraining order, and a letter to the court. In his letter, Mr. Mesina stated that he did not wish to bring a civil action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He asserted instead:

> The only thing I would like this Court to do is review the BOP's interpretation of 28 C.F.R. § 540.14(d)(4) and BOP Program Statement 5265.11 (July 9, 1999, at 11), and see if the BOP's decision to place me on punitive institutional mail monitoring . . . and prevent me from contacting any bank is . . . not in accordance with law pursuant to the Administrative Procedures Act.

Rec. vol. I, at 62 (Order of Dismissal, citing Letter to the Court from Applicant Roman C. Mesina filed Feb. 27, 2009).

The district court denied the petition, concluding that because § 2241 is

-2-

limited to challenges to the execution of a sentence and Mr. Mesina's claim offered no such challenge, Mr. Mesina asserted no recognizable habeas corpus claim. The court then dismissed Mr. Mesina's action on the basis that he failed to file the proper Prisoner Complaint. This appeal followed.

"In reviewing a denial of a petition for habeas corpus, we review the district court's conclusions of law de novo and accept its findings of fact unless they are clearly erroneous." *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998); *see also Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002) (applying same standard of review to § 2241 petition involving good time credit issue).

Liberally construing Mr. Mesina's *pro se* pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we conclude that Mr. Mesina's § 2241 petition does not state a habeas claim, but rather asserts claims under *Bivens*. As Mr. Mesina concedes, "the only thing [he] would like th[e] Court to do is review . . . the BOP's decision to place [him] on punitive institutional mail monitoring." Rec. vol. I, at 62 (Order of Dismissal, citing Mr. Mesina's Letter). As we have observed, "[P]risoners who want to challenge their convictions, sentences or administrative actions which revoke good-time credits, or who want to invoke other *sentence-shortening* procedures, must petition for a writ of habeas corpus," *however*, those "who raise constitutional challenges to other prison decisions–including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g. conditions of confinement, must

-3-

proceed under Section 1983 or *Bivens*." *Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001) (citation omitted) (emphasis added), *vacated on other grounds on reh'g* by *Boyce v. Ashcroft*, 268 F.3d 953 (10th Cir. 2001). Section 2241 is inapplicable where "a favorable resolution of the action would not automatically entitle the prisoner to release." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)). Accordingly, the district court's denial of Mr. Mesina's § 2241 petition was proper.

We **AFFIRM** the district court's decision denying Mr. Mesina § 2241 relief and **DENY** his motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge

-4-