**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ADRIAN M. REQUENA,

      Petitioner - Appellant,

v.

RAY ROBERTS; DEREK SCHMIDT,
Kansas Attorney General,

      Respondents - Appellees.

No. 13-3312
(D.C. No. 5:13-CV-03186-SAC)
(D. Kan.)

**ORDER**

Before **HARTZ**, **McKAY**, and **MATHESON,** Circuit Judges.

      This matter is before the court to clarify, *sua sponte*, the Order and Judgment issued originally in this matter on March 31, 2014. The clerk is directed to withdraw the original decision, and to file the revised Order & Judgment attached to this order in its place. The filing shall be *nunc pro tunc* to the original filing date.

                             Entered for the Court

                             Elisabeth A. Shumaker, Clerk

FILED
United States Court of Appeals
Tenth Circuit

March 31, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ADRIAN M. REQUENA,

      Petitioner - Appellant,

v.

RAY ROBERTS; DEREK SCHMIDT,
Kansas Attorney General,

      Respondents - Appellees.

No. 13-3312
(D.C. No. 5:13-CV-03186-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON,** Circuit Judges.


      Adrian Requena, a state prisoner acting pro se, moved for habeas relief in federal

district court under 28 U.S.C. § 2254.  The district court, construing his petition as a

---

      * After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

request for relief under 28 U.S.C. § 2241, dismissed for failure to exhaust state court remedies. Mr. Requena has filed a brief combining a request for a Certificate of Appealability ("COA") and for relief on the merits.

Because Mr. Requena's petition challenges prison policy limiting his access to the state courts and certain procedures affecting the conditions of his confinement rather than the "fact or duration of [his] confinement," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997), it is properly characterized as a civil rights action and does not require a COA. *See* 28 U.S.C. § 2253(c)(1)(A) (COA required to appeal a "final order in a *habeas corpus proceeding* in which the detention complained of arises out of process issued by a State court" (emphasis added)). We remand for the district court to determine whether he has stated a claim under 42 U.S.C. § 1983.

## I.  BACKGROUND

While incarcerated in Kansas state prison, Mr. Requena submitted several poems to the prison librarian for proofreading. Because the librarian believed some of these poems were inappropriately directed at her, she reported Mr. Requena to her supervisors. After a hearing at which Mr. Requena alleges he was unable to present documentary evidence in his favor, the Kansas Department of Corrections ("KDOC") disciplined him for developing an undue familiarity with a correctional staff member in violation of Kan.

-2-

Admin. Regs. § 44-12-328.[1]  He received a sentence of 30 days "disciplinary

segregation," 60 days "restriction," a 20-dollar fine, and a "loss of level II property."

ROA at 3, 31-32.

Mr. Requena sought relief in Kansas state court, but because prison policy

prevented access to his forced savings account to pay for photocopying, he failed to

submit the requisite number of briefs to either the Kansas Court of Appeals ("KCOA") or

the Kansas Supreme Court.  Accordingly, both state courts refused to consider his appeal.

Mr. Requena next filed a federal habeas petition under 28 U.S.C. § 2254 in the United

States District Court for the District of Kansas, alleging the prison restrictions on

photocopying hindered his access to the state courts and the disciplinary proceeding

violated his due process rights under the Fourteenth Amendment because he was not

permitted to present documentary evidence.[2]  The district court recast Mr. Requena's

petition under 28 U.S.C. § 2241 "[b]ecause [it] challenges an administrative disciplinary

proceeding."  ROA at 113.  The district court then dismissed for failure to exhaust state

court remedies.  Although the district court granted Mr. Requena's motion to proceed *in

forma pauperis* ("*ifp*") on appeal, it did not grant a COA.  *See* ROA at 126-28, 137; 28

---

[1] Under § 44-12-328(a), "[n]o inmate shall solicit, encourage, establish, or
participate in any type of personal relationship with any staff member . . . in charge of the
inmate."  The regulation defines a "personal relationship" as "any relationship involving
unnecessary familiarity by the inmate toward any such individual."  *Id.*

[2] Mr. Requena's petition included two other grounds for relief, but he has not
addressed them in his brief to this court.

U.S.C. § 2253(c)(1)(A).  Mr. Requena now requests a COA and relief on the merits.

## II.  **DISCUSSION**

A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity.  *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).  A proper § 2241 petition challenges "'the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement.  In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.'"  *McIntosh*, 115 F.3d at 812 (omission in original) (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993)).

Mr. Requena's claim regarding photocopying and access to the Kansas state courts is not cognizable under § 2241 because it does not challenge the fact or duration of his confinement.  In addition, although some challenges to prison disciplinary proceedings are properly brought under § 2241, *see McIntosh*, 115 F.3d at 812, others are not.  Under prevailing Tenth Circuit law, "the types of claims cognizable under § 2241 are those in which an individual seeks either immediate release from, or a shortened period of, physical imprisonment, *i.e.*, placement on parole or in a parole-like custodial setting, or immediate release from, or a shortened period of, custody altogether."  *Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n.2 (10th Cir. 2012); *see also Boyce v. Ashcroft*, 251 F.3d 911, 914 ("Generally, because they contest the fact or duration of custody, prisoners who want to challenge their convictions, sentences or administrative actions which revoke good-time credits, or who want to invoke other sentence-shortening procedures, must

-4-

petition for a writ of habeas corpus."), *vacated as moot*, 268 F.3d 953 (10th Cir. 2001); *United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006) ("Although *Boyce* was vacated as moot on rehearing, we are persuaded by its reasoning.").  At the same time, "[p]risoners who raise constitutional challenges to other prison decisions—including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, *e.g.* conditions of confinement, must proceed under Section 1983 or *Bivens*." *Boyce*, 251 F.3d at 914.

Mr. Requena's petition falls into the latter category.  The disciplinary proceeding, which imposed a sentence of 30 days "disciplinary segregation," 60 days "restriction," a 20-dollar fine, and a "loss of level II property," ROA at 3, 31-32, did not reduce Mr. Requena's good-time credits or otherwise change the duration of his sentence.  His petition, which alleges the denial of an opportunity to submit documentary evidence at the hearing that led to his discipline, challenges the process affecting only the conditions of his confinement.  It is therefore properly characterized as a 42 U.S.C. § 1983 claim. *See Palma-Salazar*, 677 F.3d at 1035 ("'It is well-settled law that prisoners who wish to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits . . . not through federal habeas proceedings.'" (omissions in original) (quoting *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011))); *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974) (considering, in § 1983 suit, the minimum procedural due process standards that prisons must satisfy before imposing disciplinary sanctions); *see also Castro v. United States*, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes

will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.  They may do so . . . to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." (citations omitted)).

### III. **CONCLUSION**

The district court mistakenly relied upon Mr. Requena's failure to exhaust *state court remedies* in dismissing his petition *sua sponte*.  *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) ("[H]abeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not.").[3]  We remand to the district court to determine whether Mr. Requena has adequately alleged any § 1983 claims and, if he has not,

---

[3] We recognize the Prison Litigation Reform Act ("PLRA") requires that prisoners properly exhaust "*administrative remedies*" before challenging their "prison conditions under section 1983."  42 U.S.C. § 1997e(a) (emphasis added); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  But because "failure to exhaust [administrative remedies] is an affirmative defense under the PLRA," *Jones v. Bock*, 549 U.S. 199, 216 (2007), "inmates are not required to specially plead or demonstrate exhaustion in their complaints," *id.*  Given the current posture of this case and the lack of a response from the State, we express no opinion as to whether Mr. Requena has properly exhausted administrative remedies.

whether he should be granted leave to amend.[4]

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

---

[4] In doing so, we are not unmindful of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 646 (1997), which bar civil rights actions that, if successful, would necessarily imply the invalidity of an underlying conviction or the deprivation of good-time credits.  But neither case appears to bar relief under § 1983 where, as here, a prisoner challenges the procedures used to assess certain disciplinary sanctions (other than a loss of good-time credits) that have no effect on the duration of his confinement.  *See Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam) ("*Heck*'s requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."); *see also id.* at 751 n.1 ("The assumption is that the incarceration that matters under *Heck* is the incarceration ordered by the original judgment of conviction, not special disciplinary confinement for infraction of prison rules."); *Wilkinson v. Dotson*, 544 U.S. 74, 81-84 (2005).

Moreover, as we have previously stated, "*Muhammad* left open the possibility that *Heck* might not apply when a habeas remedy is unavailable." *Harrison v. Morton*, 490 F. App'x 988, 992 (10th Cir. 2012) (unpublished); *see also Muhammad*, 540 U.S. at 752 n.2 (observing that "[m]embers of the Court have expressed the view that unavailability of habeas for other reasons may also dispense with the *Heck* requirement," but declining to "settle the issue").  In any event, we leave these matters for the district court to resolve in the first instance.