FILED
United States Court of Appeals
Tenth Circuit

June 23, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ADRIAN M. REQUENA,

     Plaintiff - Appellant,

v.

G. SHERIDAN, CCII Unit Team, in his
individual and official capacity; A.
FLORY, Librarian, in her individual and
official capacity; D. LANGFORD, Deputy
Warden, in his individual and official
capacity; B. LARSON, Deputy Warden, in
her individual and official capacity; J.
CHICK, CSII, in his individual and official
capacity; S. CLINE, Warden, in his
individual and official capacity,

     Defendants - Appellees.

No. 17-3096
(D.C. No. 5:13-CV-03186-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

     Adrian Requena appeals the district court's dismissal of his 42 U.S.C. § 1983

claims.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

     [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Requena initially filed this action as a 28 U.S.C. § 2254 petition challenging the result of a prison disciplinary proceeding. The district court characterized his petition as falling under § 2241 and dismissed for failure to exhaust state court remedies. On appeal, we concluded that Requena's claims were not cognizable under § 2241 but remanded for consideration of whether Requena stated a claim under § 1983. Requena v. Roberts, 552 F. App'x 853, 855-56 (10th Cir. 2014) (unpublished). Requena filed an amended complaint, asserting Eighth Amendment and due process violations, as well as denial of access to the courts. The district court again dismissed. It concluded that Requena's claims failed because he did not allege that the disciplinary proceeding resulted in an atypical hardship triggering due process protections, the alleged Eighth Amendment deprivations were not sufficiently serious, and he had not shown that he was denied the right to advance a non-frivolous legal claim. Requena filed a Fed. R. Civ. P. 59 motion, which was denied. He timely appealed.

# II

"We review de novo the district court's decision to dismiss an [in forma pauperis] complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). In doing so, we must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Id. Although we construe Requena's pro se filings liberally, we may

2

not make arguments for him. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

Requena argues that there is no evidence suggesting the prison's limitations on admitting documentary evidence in disciplinary proceedings are based on security concerns. In assessing due process claims, "we engage in a two-step inquiry: (1) Did the individual possess a protected interest to which due process protection was applicable? (2) Was the individual afforded an appropriate level of process?" Washington v. Unified Gov't of Wyandotte Cty., 847 F.3d 1192, 1201 (10th Cir. 2017) (quotation omitted). Requena's argument goes to the second question. But the district court concluded that Requena's claim failed on the first. See Sandin v. Conner, 515 U.S. 472, 484, 487 (1995) (Due Process Clause creates a liberty interest only as to penalties that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence"). Because Requena does not challenge that ruling on appeal, his argument necessarily fails.

Requena also argues that the district court erred in dismissing his claim for denial of access to courts, in which he asserted that prison rules hindered his ability to pursue a state court challenge to his disciplinary proceeding. The district court rejected this claim, concluding that Requena could not point to a non-frivolous argument to be advanced in that case. See Christopher v. Harbury, 536 U.S. 403, 415 (2002) (retrospective claim for denial of access to courts "must identify a

nonfrivolous, arguable underlying claim" (quotation omitted)).  Having reviewed the state court filings, we agree with the district court's determination.

Lastly, Requena argues that the "some evidence" standard applicable to review of prison disciplinary proceedings is unfair.[1]  See Superintendent v. Hill, 472 U.S. 445, 455 (1984).  But this court is not empowered to overrule Supreme Court precedent as to that standard.  See United States v. Barrett, 496 F.3d 1079, 1119 (10th Cir. 2007).

### III

**AFFIRMED**.  Requena is reminded of his continuing obligation to make partial payments until the fees are paid in full.

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[1] Requena does not appeal the dismissal of his Eighth Amendment claim.