FILED
United States Court of Appeals
Tenth Circuit

January 29, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANIEL ORTIZ,

    Petitioner - Appellant,

v.

UTAH BOARD OF PARDONS; MARC
MILLER, APP Agent; DEPARTMENT OF
CORRECTIONS,

    Respondents - Appellees.

No. 24-4097
(D.C. No. 2:23-CV-00753-TC)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Petitioner Daniel Ortiz seeks a certificate of appealability ("COA") to challenge

the dismissal of his 28 U.S.C. § 2254 habeas petition. In that petition, Mr. Ortiz's

requested relief was release on parole. Because Mr. Ortiz has since been released on

parole, we deny as moot his application for a COA and dismiss this matter.

## I.  BACKGROUND

Mr. Ortiz filed a § 2254 habeas petition in federal district court, arguing his due

process rights were violated when the Utah Board of Pardons and Parole revoked his

---

\* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

parole. For relief, Mr. Ortiz requested the court order Respondents to release him on parole and stop revoking his parole unless he "truely [sic] violates his parole." ROA at 14. While Mr. Ortiz's petition was pending, he was again released on parole. Shortly thereafter, he moved for leave to file "supplemental pleadings to address a new constitutional claim under 42 U.S.C. § 1983." *Id.* at 172.

The district court denied Mr. Ortiz's habeas petition, concluding he had failed to exhaust state court remedies. Having dismissed Mr. Ortiz's petition, the court also denied leave to amend and declined to issue a COA. Mr. Ortiz filed a motion for reconsideration, which the court denied. In its order declining to reconsider, the district court noted that Mr. Ortiz's subsequent release on parole meant his request to be released on parole had "been rendered moot." *Id.* at 220 n.2.

Mr. Ortiz filed a notice of appeal, seeking to obtain a COA from this court. After Mr. Ortiz filed his brief, we asked the parties for supplemental briefing discussing whether this action has been rendered moot by Mr. Ortiz's re-release on parole. Mr. Ortiz submitted a supplemental brief, as did Respondents.

## II.    DISCUSSION

Mr. Ortiz seeks a COA to appeal the district court's dismissal, but we will not grant a COA if the case is moot. *See Smith v. Becerra*, 44 F.4th 1238, 1247 (10th Cir. 2022) (explaining that "we lack subject-matter jurisdiction over a case that is moot"). A case is moot "[w]hen it becomes impossible for a court to grant effective relief." *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (quotation marks omitted). However, we will not dismiss a habeas petition as moot if "(1) secondary or 'collateral'

2

injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (quoting *Chong v. Dist. Dir., I.N.S.*, 264 F.3d 378, 384 (3d Cir. 2001)).

Here, Mr. Ortiz is challenging his parole revocation, not his underlying conviction. But after he filed his petition, he was again released on parole, so this case is moot unless he can demonstrate an exception to mootness. Although Mr. Ortiz presents several arguments in an attempt to avoid mootness, none are persuasive.

### A.     Capable of Repetition Yet Evading Review

Mr. Ortiz first argues this case is not moot because it fits the "capable of repetition, yet evading review" exception. ECF No. 8 at 2. Under this exception, which is reserved "for exceptional situations," issues are not moot if they "(1) evade review because the duration of the challenged action is too short to be fully litigated prior to its cessation or expiration, and (2) are capable of repetition, such that there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Robert v. Austin*, 72 F.4th 1160, 1164–65 (10th Cir. 2023) (quotation marks omitted).

This case satisfies neither of these conditions. As to the first condition, Mr. Ortiz contends that parole revocations evade review because "revocation proceedings are inherently short-lived, with individuals either being released or their revocations finalized before federal courts can fully review their claims." ECF No. 8 at 2. While Mr. Ortiz analogizes to *Gerstein v. Pugh*, 420 U.S. 103 (1975), as discussed *infra*, he provides no

3

evidence or authority to support the specific assertion that parole revocation proceedings are of similarly short duration. Accordingly, he has not demonstrated that the time between parole revocation and release "is always so short as to evade review." *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) ("[The petitioner] has not shown (and we doubt that he could) that the time between parole revocation and expiration of sentence is always so short as to evade review.").

But even assuming Mr. Ortiz can meet the first condition, he cannot meet the second. Mr. Ortiz argues there "is a reasonable expectation that he could again face parole revocation proceedings" because he "remains on parole and is subject to the ongoing jurisdiction of the Utah Board of Pardons and Parole." ECF No. 8 at 2. While there is a "physical or theoretical possibility" that Mr. Ortiz will again face parole revocation, that is not sufficient. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). There must be a "'demonstrated probability' that the same controversy will recur involving the same complaining party." *Id.* (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). Mr. Ortiz's unsupported assertion does not meet that standard. *See Spencer*, 523 U.S. at 18 (concluding the petitioner had not "demonstrated a reasonable likelihood that he will once again be paroled and have that parole revoked").

Mr. Ortiz's attempt to compare this case to *Gerstein* is also unsuccessful. There, detainees brought a class action to raise claims concerning their pretrial detention. 420 U.S. at 105–07. The Supreme Court noted that one of the named plaintiffs had been convicted, meaning his pretrial detention had ended. *Id.* at 110 n.11. Nonetheless, the case was not moot because "the termination of a class representative's claim does not

4

moot the claims of the unnamed members of the class." *Id.* The court further explained that given the nature of pretrial detention, "it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted," so the claim is "one that is distinctly 'capable of repetition, yet evading review.'" *Id.*

Unlike *Gerstein*, this case is not a class action. That distinction is decisive because the Supreme Court has "reject[ed] the notion that *Gerstein* supports a freestanding exception to mootness outside the class action context" and has "repeatedly tied *Gerstein*'s rule to the class action setting from which it emerged." *United States v. Sanchez-Gomez*, 584 U.S. 381, 387–88 (2018); *see also id.* at 388 ("*Gerstein* belongs to a line of cases that we have described as turning on the particular traits of civil class actions."). Because this case is not a class action, *Gerstein* does not apply.

### B.    Systemic Violations

Next, Mr. Ortiz contends this case is not moot because it "involves systemic violations that impact thousands of similarly situated individuals." ECF No. 8 at 3. In support, he cites two Supreme Court cases: *United States Parole Commission v. Geraghty*, 445 U.S. 388 (1980), and *Sosna v. Iowa*, 419 U.S. 393 (1975). But *Geraghty* and *Sosna* were class actions, so they are inapplicable here. Moreover, Mr. Ortiz is pro se, so he can represent only his own interests and not the interests of others. *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

5

### C.    Collateral Consequences

Mr. Ortiz also argues that collateral consequences flow from his parole revocation. The collateral consequence he identifies are (1) the ongoing risk that his parole may be revoked and (2) the "systemic violations" by the Utah Board of Pardons and Parole that "perpetuate a cycle of unconstitutional parole revocations." ECF No. 8 at 4. But Mr. Ortiz does not explain how either of these events are a consequence of his parole revocation. And regardless, Mr. Ortiz has not shown a reasonable likelihood that his parole will be revoked again, and he is incapable of representing others' interests. *See supra* Sections II.A, II.B.

### D.    Section 1983 Claims

Lastly, Mr. Ortiz argues his case is not moot because he has claims under 42 U.S.C. § 1983 that "provide a distinct legal avenue for addressing constitutional violations." ECF No. 8 at 4. But Mr. Ortiz brought a § 2254 habeas petition and not a civil suit under § 1983. Indeed, the petition could not have included § 1983 claims because damages are not available in habeas proceedings. *Muhammad v. Close*, 540 U.S. 749, 750–51 (2004) (per curiam); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (explaining the difference between a habeas proceeding and a civil rights action). So even assuming Mr. Ortiz has viable § 1983 claims, those claims are not part of this action and cannot prevent this action from being moot.

### III.    CONCLUSION

We DENY as moot Mr. Ortiz's application for a COA and DISMISS this matter. And because this matter became moot due to "happenstance or the actions of the

6

prevailing party," we VACATE the district court's judgment and REMAND with directions to dismiss Mr. Ortiz's § 2254 petition without prejudice. *Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1213 (10th Cir. 2005); *see also Boyce v. Ashcroft*, 268 F.3d 953, 955 (10th Cir. 2001) (concluding habeas proceeding was moot and ordering district court to vacate its judgment).

Entered for the Court

Carolyn B. McHugh
Circuit Judge