F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VICTOR MANCILLAS,

Defendant - Appellant.

No. 05-3328
(D. Ct. No. 02-CR-10140-20-MLB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **HARTZ,** and **TYMKOVICH**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In 2002, Defendant-Appellant Victor Mancillas was convicted of various drug offenses stemming from his role in a twenty-seven person conspiracy. He now appeals his 97-month sentence on the ground that the District Court did not meaningfully consider

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the sentencing factors set forth in 18 U.S.C. § 3553(a) when it imposed that particular sentence. We take jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and AFFIRM.

## I. BACKGROUND

Mr. Mancillas was charged by a superseding indictment with one count of conspiracy to distribute 500 grams or more of a substance containing a detectible amount of cocaine, *see* 21 U.S.C. § 846, one count of distribution and aiding and abetting the distribution of approximately 218 grams or more of a substance containing a detectible amount of methamphetamine, *see* 21 U.S.C. § 841(a)(1), and eight counts of using a communication facility to facilitate the distribution of a controlled substance, *see* 21 U.S.C. § 843(b). After a jury trial, Mr. Mancillas was convicted on all counts and sentenced to 120 months' imprisonment based on the District Court's conclusion that 21 U.S.C. § 841(b)(1)(A) mandated a ten-year minimum sentence. On appeal, we remanded Mr. Mancillas's case for resentencing because he had not been convicted of distributing at least five kilograms of a substance containing cocaine or at least 500 grams of a substance containing methamphetamine as required to trigger application of the statutory ten-year minimum. *United States v. Mancillas*, 132 Fed. App'x 780 (10th Cir. 2005) (unpublished).

At resentencing on August 15, 2005, the District Court considered the findings of the Presentence Investigation Report ("PSR"), which calculated the drug quantities attributable to Mr. Mancillas as 1,505.6 grams of a substance containing a detectible

amount of cocaine and 218.8 grams of a substance containing a detectible amount of methamphetamine. Because more than one drug was involved in the crime, the substances were converted to their marijuana equivalent, which the PSR calculated as 738.72 kilograms. This resulted in a base offense level of 30, *see* United States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") § 2D1.1(c)(5), which coupled with Mr. Mancillas's criminal history category of I produced an advisory sentencing guideline range of 97–121 months.

Mr. Mancillas objected to the PSR's calculation of the drug quantities based on fact that the jury had attributed only 500 grams of cocaine to him. According to Mr. Mancillas, his base offense level should be 28, with a resulting advisory sentencing range of 78–97 months. Mr. Mancillas also filed a sentencing memorandum, arguing that a number of factors set forth in 18 U.S.C. § 3553(a)[1] warranted a sentence at the bottom of this range.

At sentencing, the District Court sustained Mr. Mancillas's objection as to the

_____

[1]Under § 3553(a), a district court must consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed [] to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [] to afford adequate deterrence to criminal conduct; [] to protect the public from further crimes of the defendant; and [] to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available . . . [and] (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .

assessment of the cocaine quantity but sentenced him to 97 months' imprisonment—the top of the applicable advisory range. Explaining the sentence, the District Court stated, "Now, I've considered your case not only in light of the so-called advisory guidelines, but in light of the statutory factors. Mr. Hepperly [defense counsel] covered those in his submissions on your behalf." The court then explained that co-conspirators who pleaded guilty received lesser sentences based on credit for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, but that because Mr. Mancillas was convicted by a jury he was not entitled to such credit. The District Court concluded that:

> The Court determines that the presentence report as corrected to reflect Mr. Hepperly's objection [relating to the cocaine quantity] is accurate and orders those findings to be incorporated into the following sentence. Pursuant to the Sentencing Reform Act of 1984 it is the judgment of the Court that the Defendant, Victor Mancillas, is committed to the custody of the Bureau of Prisons to be imprisoned for a term of 97 months . . . .

Mr. Mancillas timely appeals his sentence, arguing that the District Court did not meaningfully consider the § 3553(a) factors.

## II. DISCUSSION

"We review sentences imposed by the district court for reasonableness." *United States v. Galarza-Payan*, 441 F.3d 885, 887 (10th Cir. 2006). In undertaking this review, we consider whether the district court correctly applied the Guidelines, and whether the ultimate sentence is reasonable in light of the factors present in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053–54 (10th Cir. 2006). A sentence imposed within the properly-calculated Guidelines range is "'entitled to a rebuttable presumption

of reasonableness.'" *Galarza-Payan*, 441 F.3d at 889 (quoting *Kristl*, 437 F.3d at 1054).

It is without question, however, "that[] in addition to guiding our reasonableness review on appeal, the sentencing factors set forth in 18 U.S.C. § 3553(a) must be considered by the district court itself when imposing a sentence." *Sanchez-Juarez*, — F.3d —, 2006 WL 1165967 at *4 (10th Cir. 2006). While the district court need not "recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider," *United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005), we recently emphasized that the court must state reasons for imposing a particular sentence when the defendant makes an argument based on § 3553(a) and that argument is not "clearly without merit." *Sanchez-Juarez*, — F.3d at —; *see also United States v. Lopez-Flores*, — F.3d —, 2006 WL 1000810 at *4 (10th Cir. 2006) (holding that a district court need not respond to "run-of-the-mill contentions").

In this case, however, Mr. Mancillas does not identify any facts that might justify a lower sentence in light of the § 3553(a) factors that the District Court did not consider. Rather, he simply makes the conclusory assertion that "the district court should have made some finding that either expressly considered at least some of the factors, or at least showed a meaningful consideration of the factors in general." Without specific reference to facts, however, we cannot conclude whether the District Court erred. Accordingly, we AFFIRM.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge