**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

HECTOR GARCIA, JR.,

        Defendant-Appellant.

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

VICTOR MANCILLAS,

        Defendant-Appellant.

No. 06-3222

No. 06-3223

---

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. Nos. 02-CR-10140-01-MLB; 02-CR-10140-20-MLB)**

---

Submitted on the briefs:

David M. Lind, Office of United States Attorney, Wichita, Kansas, for Plaintiff-Appellee.

Hector Garcia, Jr., pro se.
Victor Mancillas, pro se.

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

**MURPHY,** Circuit Judge.

After examining the briefs and appellate records, this court has determined unanimously that oral argument would not materially assist the determination of these appeals.[1] *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). They are therefore ordered submitted without oral argument.

Appellants Hector Garcia, Jr. and Victor Mancillas were charged in a multi-count indictment with a litany of offenses, including conspiracy to distribute cocaine and methamphetamine. Garcia pleaded guilty to the drug conspiracy charge and was sentenced to a term of seventy-two months' incarceration by the United States District Court for the District of Kansas. Mancillas was convicted after a jury trial of conspiracy to distribute cocaine and methamphetamine, distribution of methamphetamine, and using a communication facility to facilitate the distribution of a controlled substance. Mancillas was ultimately sentenced to a ninety-seven-month term of imprisonment. *United States v. Mancillas*, No. 05-3328, 2006 WL 1389111 (10th Cir. May 18, 2006).

---

[1]We have consolidated the present appeals for purposes of disposition.

-2-

Garcia and Mancillas both state they are currently incarcerated in the Moshannon Valley Correctional Center in Phillipsburg, Pennsylvania.

On May 15, 2006, Garcia filed a motion requesting the Kansas district court to compel the Bureau of Prisons to transfer him to a detention facility located within a five-hundred-mile radius of Arizona. In the alternative, Garcia requested that he be transferred to a "Camp." Mancillas filed a nearly identical motion on May 19, 2006, requesting that he be transferred to a detention facility closer to his family or placed in a "Camp." The district court summarily denied both motions without analysis. In his appellate brief, Garcia asserts the district court erred by failing to review the merits of his motion and asks this court to issue a "memorandum order" directing his transfer "in the fairness of justice." Likewise, Mancillas requests this court grant him the relief he requests "in the interest of justice."

In the motions Appellants filed with the district court, neither sought release from the custody of the Bureau of Prisons or a shortened period of incarceration. Instead, both sought a court order directing the Bureau of Prisons to transfer them to detention facilities located closer to their families. In *Boyce v. Ashcroft*, 251 F.3d 911, 918, *vacated as moot*, 268 F.3d 953 (10th Cir. 2001), this court concluded that a request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement and, thus, must be brought pursuant to *Bivens v. Six Unknown Named Agents of*

-3-

*the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Although *Boyce* was vacated as moot on rehearing, we are persuaded by its reasoning. Appellants are in the lawful custody of the Bureau of Prisons. Both seek a change in the place of confinement rather than a shortened period of custody. Accordingly, Appellants' challenges to their current assignment at the Moshannon Valley Correctional Center must be brought in a *Bivens* action. Because Appellants' claims were raised in motions filed in their respective criminal cases and not in civil rights complaints comporting with the requirements of *Bivens*, they were properly denied by the district court.

The judgments of the district court denying Appellants' motions are **affirmed**.