FILED
United States Court of Appeals
Tenth Circuit

April 7, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HAROLD L. WALLETTE,

        Petitioner-Appellant,

    v.

J.M. WILNER, Warden, FCI-Florence,

        Respondent-Appellee.

No. 08-1309

(D. of Colo.)

(D.C. No. 08-cv-1452-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

Harold L. Wallette, a federal prisoner proceeding pro se, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we REMAND to the district court for further proceedings.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Background

Wallette is currently in the custody of the United States Bureau of Prisons (BOP) in Florence, Colorado. As detailed below, this § 2241 habeas petition relates to a restitution order imposed on Wallette for prior federal crimes separate from those for which he is now imprisoned.

In 1998, a federal jury in North Dakota convicted Wallette on charges of assaulting a federal officer and damaging government property. In addition to imposing a 24-month sentence, the district court ordered Wallette to pay $3996.79 in restitution. Apparently assuming Wallette would pay the restitution after serving his 24-month sentence, the court directed that installments be paid "according to a plan determined by the Probation Office." R., Doc. 3 at 18. The record does not reflect any challenge to this restitution order on direct appeal.

Wallette, however, never satisfied his restitution obligation while on probation. In 2003, he returned to federal prison to serve a 480-month sentence for subsequent drug and firearm convictions. Sometime after this return, the BOP imposed a restitution payment schedule under the Inmate Financial Responsibility Program (IFRP) to collect the outstanding balance on the $3996.79.[1]

---

[1] The IFRP, set forth in 28 C.F.R. §§ 545.10 and 545.11, requires inmates to commit a percentage of their prison employment earnings toward the repayment of court-ordered restitution. Participation in the IFRP is not mandatory but entitles inmates to certain benefits. *See* 28 C.F.R. § 545.11(d).

Wallette filed this § 2241 habeas petition in July 2008. He first argued that the sentencing court's 1998 restitution order improperly delegated the repayment scheduling to the Probation Office. Federal law, he asserted, in fact requires the *sentencing court* to set the "manner . . . [and] schedule according to which[] the restitution is to be paid." 18 U.S.C. § 3664(f)(2). Wallette also argued that because the sentencing court referred only to the Probation Office in its order, the BOP cannot schedule payments under the IFRP, and he is thus exempt from making restitution payments during incarceration.

The district court denied Wallette's § 2241 petition. In doing so it ruled: (1) he could not raise the improper delegation issue in the § 2241 context, and (2) the BOP has the authority to establish restitution payments under the IFRP.

On December 17, 2008, we issued an order directing the government to file a response brief addressing whether the BOP acted *ultra vires* by requiring Wallette to make restitution payments under the IFRP. The government filed its response, and Wallette filed a reply brief.

## II. Discussion

We review the district court's denial of habeas relief de novo, *Fricke v. Sec'y of the Navy*, 509 F.3d 1287, 1289 (10th Cir. 2007), and construe Wallette's pro se petition liberally, *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). Because Wallette is a federal prisoner proceeding under § 2241, he

-3-

need not obtain a certificate of appealability to appeal the district court's denial of habeas relief. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).

### A. Improper Delegation

In his first claim, Wallette argues that 18 U.S.C. § 3664 prevents the sentencing court from delegating restitution scheduling authority to the BOP. He relies on the Ninth Circuit's decision in *United States v. Gunning*, 401 F.3d 1145, 1149–50 (9th Cir. 2005), which held § 3664 prohibits a sentencing court from delegating to the BOP the task of establishing a schedule for the payment of court-ordered restitution. *Gunning* is consistent with our holding in *United States v. Overholt*, 307 F.3d 1231, 1255–56 (10th Cir. 2002), which previously reached the same conclusion.

To the extent Wallette's improper delegation claim implicates the validity of his sentence, we lack jurisdiction to entertain a challenge to the sentencing court's restitution order. Wallette has brought a § 2241 petition; however, he can attack the validity of his sentence only through a 28 U.S.C. § 2255 petition filed in the district court that sentenced him. *See Bradshaw v. Story*, 86 F.3d 164, 166–67 (10th Cir. 1996) (holding a petition under § 2241 attacks the execution of a sentence, while a § 2255 petition attacks the validity of a judgment and sentence); *see also Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) (dismissing a delegation claim brought under § 2241). If Wallette is to make an

improper delegation claim, he must do so through a § 2255 petition filed with his sentencing court.

### B. Lack of BOP Authority Under 18 U.S.C. § 3664

Wallette's second claim contests the BOP's authority under § 3664 to schedule these restitution payments. Section 3664 addresses restitution by stating that "*the* [*sentencing*] *court shall . . .* specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." § 3664(f)(2) (emphasis added). Wallette argues that because the sentencing court's order specified only that restitution be paid according to a plan determined by the Probation Office, the BOP lacks authority to schedule restitution payments using the IFRP.

Because a challenge to the BOP's authority to set restitution payment terms goes to the execution of Wallette's sentence, this claim falls within those properly raised in a petition for habeas corpus under § 2241. *See Howard v. United States Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007).

While Wallette may have a colorable argument on this claim, we nevertheless decline to reach this issue because Wallette has failed to exhaust his administrative remedies. Prior to seeking relief under § 2241, federal prisoners must exhaust administrative remedies. *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). As the Supreme Court has noted, this exhaustion requirement is important because it both protects administrative agency authority

-5-

and promotes efficiency in adjudicating claims. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

Wallette concedes he failed to exhaust his administrative remedies but asserts such efforts would be futile because the BOP has "refused to accept and process" his complaints. R., Doc. 3 at 2. He provides no support for his futility argument, though attached to his reply brief are a number of administrative responses from a previous lawsuit he pursued while incarcerated in the Southern District of Indiana. These administrative appeals, however, came in the context of a separate *Bivens* challenge wherein Wallette argued prison officials' use of the IFRP to withdraw money from his account violated his *constitutional* rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Here Wallette makes an entirely different argument—namely, that the BOP's actions violate his *statutory* rights under 18 U.S.C. § 3664. We decline to apply these older administrative appeals to this new challenge or to treat them as sufficient evidence of futility.

Finally, we note that instead of addressing Wallette's failure to exhaust administrative remedies, the district court proceeded directly to his § 2241 claim. While this is certainly permissible, *see United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008) (a court may deny a habeas application on the merits without addressing exhaustion), we decline to adopt the same approach here.

Instead, we do not reach Wallette's § 2241 claim, but rather require him to raise

his statutory arguments first through the BOP's administrative appeals process.

### III.  Conclusion

Accordingly, we REMAND to the district court for further proceedings.  On

remand, the district court should dismiss this matter without prejudice for failure

to exhaust administrative remedies.  Wallette's motion to proceed *in forma*

*pauperis* is GRANTED.  His request for appointment of counsel is DENIED.

Entered for the Court,

Timothy M. Tymkovich
United States Circuit Judge