FILED
United States Court of Appeals
Tenth Circuit

February 8, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN ERNEST DADE,

        Petitioner - Appellant,

v.

LINDA SANDERS, Warden, FCI
Lompoc

        Respondent - Appellee.[*]

No. 11-1501
(D.C. No. 1:11-CV-00430-WJM-MJW)
(D. Colo.)

**ORDER AND JUDGEMENT**[**]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

[*]      After transferring Mr. Dade from the Federal Correctional Institution ("FCI") in Florence, Colorado to the FCI in Lompoc, California, Respondent moved to substitute Linda Sanders, the Warden at FCI Lompoc, for Julie Wands, the Warden at FCI Florence, pursuant to Federal Rule of Appellate Procedure 43(b). We grant Respondent's motion and substitute Linda Sanders, Warden, FCI Lompoc, as Respondent-Appellee.

[**]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

John Earnest Dade, a federal prisoner proceeding pro se,[1] appeals from the district court's decision denying his 28 U.S.C. § 2241 petition for habeas relief. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we **affirm** the district court's denial of habeas relief and its resulting judgment.[2]

In 2003, Mr. Dade was convicted in the United States District Court for the Northern District of Idaho of various federal offenses, the substance of which are not relevant to this appeal. After the Ninth Circuit affirmed his conviction on appeal but vacated his sentence and remanded for resentencing, Mr. Dade was sentenced to 336 months' imprisonment and a $5,000 fine. The sentencing court also ordered Mr. Dade to pay a $500 assessment and provided special instructions that Mr. Dade "shall submit nominal payments of *not less than* $25 per quarter while incarcerated through the Inmate Financial Responsibility Program [("IFRP")]." R. at 137–38 (Am. J. in Criminal Case, filed Sept. 5, 2006) (emphasis added).

Mr. Dade has participated at various levels in the IFRP, which is

---

[1]    Because Mr. Dade is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

[2]    As a federal prisoner proceeding under § 2241, Mr. Dade "does not need a certificate of appealability to appeal a district court's denial of the petition." *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000); *see McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997) ("[A] certificate of appealability under [AEDPA] is not required in order to appeal a final order in a proceeding under 28 U.S.C. § 2241." (citation omitted)).

administered by the Bureau of Prisons ("BOP").  Importantly for purposes of this appeal, Mr. Dade signed a contract in October 2010, agreeing to participate in the IFRP and acknowledging that he had been provided with information regarding the potential consequences of refusing to participate.  Additionally, in March 2011, he agreed to continue participating in the program voluntarily and to contribute $25.00 per quarter.  As of May 18, 2011, Mr. Dade had a zero balance on the $500 assessment, but still owed $4,772.84 on the $5,000 fine.

Mr. Dade's habeas petition was filed in the United States District Court for the District of Colorado on March 23, 2011, challenging the constitutionality of the IFRP and the BOP's administration of it.[3]  It was referred to a magistrate judge who, after reviewing "the petition and the answer as well as applicable Federal Rules of Civil Procedure, statutes, and case law and . . . tak[ing] judicial notice of the court's file," *id.* at 173 (Recommendation on Appl. for Writ of Habeas Corpus, filed July 25, 2011), recommended denying Mr. Dade's petition. The magistrate judge also recommended denying Mr. Dade's motion to reconsider a previous order denying a preliminary injunction[4] and his motions for summary

---

[3]     We note that at the time Mr. Dade filed this habeas petition he was confined in Colorado and thus the United States District Court for the District of Colorado was the proper court for his § 2241 challenge. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined."); *see also* discussion *infra* at nn. 5 & 6 (addressing our jurisdiction over Mr. Dade's instant petition).

[4]     Mr. Dade sought injunctive relief in the form of an order from the
(continued...)

judgment.

The district court overruled Mr. Dade's objections to the magistrate judge's recommendation and adopted the recommendation in its entirety. On November 2, 2011, Mr. Dade filed both a petition for rehearing and a notice of appeal.

On February 14, 2012, our clerk of court entered an order that "[t]his appeal cannot proceed until the district court rules on the petitioner's timely filed motion for reconsideration . . . [and a]ccordingly this appeal remains ABATED." Order, No. 11-1501, at 1 (10th Cir., filed Feb. 14, 2012) (emphasis omitted) (abating the appeal). On April 11, 2012, the district court denied Mr. Dade's motion to alter or amend the judgment. Our clerk of court subsequently entered an order lifting the abatement of Mr. Dade's appeal.

Mr. Dade appeals from the district court's denial of his 28 U.S.C. § 2241 petition. In his opening brief, he presents two issues for our review. First, he asserts that "contractual state and federal law between the first parties does not

---

[4](...continued)
district court "compelling the Department of Justice and the Bureau of Prisons 'to cease and disist [sic] from any further withdrawals of funds from the movants [sic] inmate trust fund account." R. at 59 (Order Den. Prelim. Inj., filed Apr. 21, 2011) (alterations in original) (citation omitted). The district court denied Mr. Dade's requests for injunctive relief because "Mr. Dade fail[ed] to allege specific facts that demonstrate he is facing immediate and irreparable injury." *Id.* at 60. Mr. Dade does not appear to appeal from the district court's denial of his request for injunctive relief, but to the extent that he does pursue such an argument before us, we deny relief consistent with our determination herein that he is not entitled to relief on the merits of his arguments.

allow . . . the BOP to renegotiate the first parties [sic] contract through coercion, trickery, [or] intimidation." Aplt. Opening Br. at 3 (capitalization altered) (emphasis omitted). Respondent construes this argument to be a challenge to "the BOP's authority to collect more than $25 per quarter in IFRP payments," asserting that Mr. Dade "suggests that the sentencing court set a maximum payment of $25 per quarter and that a higher payment rate could only be required if his sentence is amended." Aplee. Br. at 13. Second, Mr. Dade challenges the constitutionality of the IFRP, claiming that "the BOP, out of thin air made up the IFRP program without authority of Congress and [it] has been declared unlawful by the [United States District Court for the District of Oregon]." Aplt. Opening Br. at 3 (capitalization altered).

We review the district court's denial of a federal prisoner's 28 U.S.C. § 2241 petition de novo and its factual findings for clear error. *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). We have carefully reviewed the entire record before us—including the magistrate judge's recommendations and the district court's opinions—as well as the parties' briefs and other motions. With the appropriate standards of review in mind, we conclude that we agree with the district court's disposition of Mr. Dade's case.

As an initial matter, we agree with the district court that, despite

Respondent's arguments to the contrary, jurisdiction is proper under § 2241.[5]  As

to Mr. Dade's two arguments, we agree with the district court's adoption of the

magistrate judge's recommendation to dismiss Mr. Dade's habeas petition.

Briefly, with respect to Mr. Dade's first argument—which apparently is

that the BOP unlawfully collected more than the $25 per quarter maximum set by

the sentencing court—the magistrate judge correctly found that the BOP did not

act unlawfully.  The sentencing court's order stated that Mr. Dade "shall submit

---

[5]     "A petition under 28 U.S.C. § 2241 attacks the *execution* of a
sentence . . . ." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000)
(emphasis added) (quoting *Bradshaw*, 86 F.3d at 166) (internal quotation marks
omitted).  Despite Respondent's arguments to the contrary, simply because Mr.
Dade is not challenging his actual confinement does not mean that he is not
challenging the *execution* of his sentence.  The $500 assessment and $5,000 fine
are undoubtedly part of Mr. Dade's sentence.  In other words, where a petitioner
challenges the execution of his sentence, even though he is not challenging the
actual physical custodial aspect of execution, § 2241 applies to his challenge.  *See
Matheny v. Marrison*, 307 F.3d 709, 711–12 (8th Cir. 2002) (explaining that the
petitioners' claims "challeng[ing] the IFRP's payment schedule . . . concern the
execution of sentence, and are therefore correctly framed as § 2241 claims"); *see
also Wallette v. Wilner*, 321 F. App'x 735, 738 (10th Cir. 2009) ("Because a
challenge to the BOP's authority to set restitution payment terms goes to the
execution of [petitioner's] sentence, this claim falls within those properly raised
in a petition for habeas corpus under § 2241."); *Davis v. Wiley*, 260 F. App'x 66,
68 & n.2 (10th Cir. 2008) (noting that the petitioner's claim contesting "the
BOP's authority under the IFRP to establish and enforce payment amounts [the
petitioner] must follow in connection with the court-ordered special assessment
and restitution" was "properly raised in a § 2241 petition" because it "attack[ed]
the execution of [the petitioner's] sentence").  Because Mr. Dade is challenging
the execution of his sentence—as he is challenging the constitutionality of the
IFRP and the enforcement of the IFRP against him as a violation of the contract
between Mr. Dade and the federal courts—his claim was properly before the
district court under § 2241, and we therefore have jurisdiction over the appeal
under 28 U.S.C. §§ 1291 and 2253.

nominal payments of *not less than* $25 per quarter while incarcerated *through the Inmate Financial Responsibility Program*." R. at 138 (emphases added). Any payments the BOP determined that Mr. Dade owed or should pay over the $25 minimum were thus consistent with the sentencing court's order and not unlawful.[6] And as for Mr. Dade's second argument, which contests the constitutionality of the IFRP, as a panel of our court has previously stated, "[e]very court to consider a challenge to the IFRP's constitutionality has upheld it." *Davis*, 260 F. App'x at 68; *see id.* (collecting cases). We see no basis for disagreeing with these courts.

Therefore, we **affirm** the district court's dismissal of Mr. Dade's habeas petition and its resulting judgment, for substantially the same reasons that the magistrate judge set out in his recommendation, which the district court

---

[6] To the extent Mr. Dade is challenging the sentencing order itself, we lack jurisdiction to hear such an appeal. *See Wilner*, 321 F. App'x at 738 ("To the extent [Petitioner's] . . . claim implicates the validity of his sentence, we lack jurisdiction to entertain a challenge to the sentencing court's restitution order. [Petitioner] has brought a § 2241 petition; however, he can attack the validity of his sentence only through a 28 U.S.C. § 2255 petition filed in the district court that sentenced him."); *see also Bradshaw*, 86 F.3d at 166 (holding a petition under § 2241 "attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined" while a § 2255 petition "attacks the legality of detention and must be filed in the district that imposed the sentence") (citation omitted)).

subsequently adopted.[7]

Entered for the Court


JEROME A. HOLMES
Circuit Judge

---

[7]     Six motions currently are pending before us.  We summarily dispose of them here.  First, we **deny** Mr. Dade's motion to compel as moot.  Second, we **deny** Mr. Dade's motion to transfer for substantially the same reasons set out by the district court in denying his similar motion before it.  Third, as stated above, we **grant** Respondent's motion to substitute.  Fourth, we **grant** Mr. Dade's motion to supplement the record and note that we considered the arguments contained therein in our disposition of Mr. Dade's claims.  Fifth, we **deny** Mr. Dade's motion for a settlement and disposition of this case as moot given our rulings on Mr. Dade's habeas claims and other motions in this order and judgement.  Similarly, as to Mr. Dade's final motion, styled as a petition for a ruling in this case, we **deny** it as moot.