**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 31, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

GREGORY D. CROSBY, a/k/a Gregory
D. Cosby,

     Petitioner - Appellant,

v.

WARDEN ADMAX,

     Respondent - Appellee.

No. 21-1437
(D.C. No. 1:21-CV-01525-WJM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Gregory D. Crosby, a federal prisoner proceeding pro se,[1] appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241.[2] He also seeks leave to proceed *in forma pauperis* ("*ifp*"). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. We deny his motion to proceed *ifp*.

## I. BACKGROUND

### A. *Legal Background*

#### 1. **28 U.S.C. § 2241**

A prisoner may petition for habeas corpus if he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). By contrast, "a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Id.* "[A] request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement and, thus, must be brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of*

---

[1] Because Mr. Crosby is pro se, we construe his filings liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). He is subject to the same procedural rules governing other litigants. *See United States v. Green*, 886 F.3d 1300, 1307 (10th Cir. 2018).

[2] A federal prisoner is not required to obtain a certificate of appealability to seek review of a district court's denial of a habeas application under § 2241. *Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015).

*Narcotics*, 403 U.S. 388 (1971)." *United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006).

2. **The First Step Act**

Under the First Step Act, the Bureau of Prisons ("BOP") was required to develop a risk-and-needs-assessment system for federal prisoners by July 2019. 18 U.S.C. § 3632(a). After developing the system, the BOP had until January 15, 2020 to complete each prisoner's individual assessment and another two years to provide each prisoner with the programming. *Id.* § 3621(h)(1)-(2).

This system determines in part the type and amount of evidence-based recidivism reduction ("EBRR") programming each prisoner requires. *Id.* § 3632(d). A prisoner who successfully participates in the EBRR programs "shall be considered . . . for placement in a facility closer to the prisoner's release residence upon request from the prisoner." *Id.* § 3632(d)(2). But the BOP must consider "bed availability at the transfer facility," "the prisoner's security designation," and "the recommendation from the warden of the prison at which the prisoner is incarcerated." *Id.* § 3632(d)(2)(A)-(C). And "[n]otwithstanding any other provision of law, a designation of a place of imprisonment . . . is not reviewable by any court." *Id.* § 3621(b).

B. *Procedural Background*

Mr. Crosby is serving a 262-month sentence at the United States Penitentiary ADX Florence. He has previously filed 17 appeals before us, three of which are related to this appeal.

3

In *Crosby v. True* (*Crosby I*), 826 F. App'x 699 (10th Cir. Sept. 10, 2020) (unpublished), he filed a § 2241 petition seeking (1) to participate in the EBRR programs and to receive time credits for his completion of the programs and (2) a transfer to a federal penitentiary closer to his release residence. *Id.* at 700. We declined to review his EBRR request because the district court determined Mr. Crosby was eligible for the EBRR programs and had failed to identify any district court error. *Id.* at 701. As to his transfer claim, we held the court did not err in declining to convert his habeas petition into a *Bivens* action. *Id.* at 700-01.

In *Crosby v. True* (*Crosby II*), 824 F. App'x 595 (10th Cir. Oct. 5, 2020) (unpublished), Mr. Crosby again filed a § 2241 petition demanding EBRR programs credits and seeking transfer to a federal penitentiary nearer to his release residence. *Id.* at 595-96. We affirmed the district court's dismissal of his transfer claim for the reasons stated in *Crosby I*. *Id.* at 596. We remanded his EBRR claim because the district court had not addressed it. *Id.*

On remand, the district court held Mr. Crosby did not adequately assert a claim based on time credits for EBRR programs and that it would be futile to grant him leave to amend. He appealed, and we affirmed. *See Crosby v. True* (*Crosby III*), 2021 WL 5647770, at *1-3 (10th Cir. Dec. 1, 2021) (unpublished).

In this case, Mr. Crosby again petitioned for § 2241 relief. He sought (1) credit for participation in EBRR programs and (2) a transfer to a facility nearer to his release residence. The district court held Mr. Crosby's EBRR claim was not ripe because the BOP had until January 15, 2022, to phase in the EBRR programs. It also

4

held his transfer claim was neither (1) subject to judicial review under the First Step Act nor (2) a valid habeas claim.

Mr. Crosby timely appealed.

## II. **DISCUSSION**

Mr. Crosby concedes his § 2241 petition challenges his conditions of confinement and not the legality of his custody.  He nonetheless argues the district court erred when it declined to *sua sponte* convert his § 2241 petition into a *Bivens* action.  Because he did not raise this issue below, we review for plain error and affirm.  *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011)  ("To show plain error, a party must establish the presence of (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.").

As we explained in *Crosby I*, "[a]lthough a district court may have discretion to convert a pro se prisoner's claim, nothing in this court's prior rulings indicates that failure to do so is error."  826 F. App'x at 700.[3]  Indeed, we have previously directed district courts to dismiss, without prejudice, challenges to the place of confinement brought under § 2241.  *See, e.g.*, *Palma-Salazar*, 677 F.3d at 1039.  The district court

---

[3] Although not precedential, we find the reasoning of this unpublished opinion instructive.  *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

therefore did not err, let alone plainly err, in declining to *sua sponte* convert Mr. Crosby's § 2241 motion into a civil rights claim.[4]

Mr. Crosby also moved to proceed *ifp*. To proceed *ifp*, he "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Because Mr. Crosby has failed to present a nonfrivolous argument on the law and the facts, we deny his motion to proceed *ifp*.

### III. CONCLUSION

We affirm.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[4] To the extent Mr. Crosby argues on appeal that he should have received EBRR time credits he could use to request a transfer, he again fails to provide any specific allegations regarding this claim. *See Crosby I*, 826 F. App'x at 701; *Crosby III*, 2021 WL 5647770, at *2. "[W]e will not conjure facts [Mr. Crosby] might conceivably raise in support of his claims," so we affirm the district court. *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018).