**UNITED STATES COURT OF APPEALS**

**TENCH CIRCUIT**

WILLIE L. DAVIS,

      Petitioner-Appellant,

v.

B. TRUE,

      Respondent-Appellee.

No. 20-1447
(D.C. No. 1:20-CV-02935-LTB-GPG)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

---

Petitioner-Appellant Willie L. Davis, proceeding pro se,[1] filed a 28 U.S.C.

§ 2241 petition in the United States District Court for the District of Colorado

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1(a) and Tenth Circuit Rule 32.1(A). After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]      Because Mr. Davis is proceeding pro se, we construe his filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *accord Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but "we will not 'assume the role of advocate,'" *United States v. Parker*, 720 F.3d 781, 784 n.1 (10th Cir. 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)).

challenging the failure of the Bureau of Prisons ("BOP") to conduct an evaluation—as the sentencing judge recommended—for his placement in a federal medical facility.  The district court dismissed Mr. Davis's petition for lack of subject-matter jurisdiction.  Mr. Davis appeals and moves for leave to proceed *in forma pauperis* ("IFP").  Exercising jurisdiction under 28 U.S.C. § 1291, we **affirm** for the reasons that follow.  We also **grant** Mr. Davis's motion to proceed IFP.

## I

Mr. Davis is a federal prisoner who is currently held by the BOP at a federal facility in Colorado.  When Mr. Davis was sentenced in 2009, the sentencing court recommended to the BOP "[t]hat the defendant be evaluated for placement in a Federal Medical Facility."  R., Vol. I, at 12 (R. & R. of U.S Magistrate Judge, entered Nov. 24, 2020) (quoting *United States v. Davis*, No. 07-cr-20042-TLP, at 2 (W.D. Tenn. Aug. 6, 2009)).

On September 28, 2020, Mr. Davis filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Colorado.  Mr. Davis asserted that he was entitled to habeas relief under § 2241 because the BOP "failed to carry out the evaluation recommendation in the Applicant's Judgment and Commitment."  R., Vol. I, at 4 (App. for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed Sept. 28, 2020).  Specifically, Mr. Davis argued that, because the BOP had not performed such an

2

evaluation, "the statutory requirement that the BOP consider a sentencing judge's recommendation[] was not satisfied, and without the results of the evaluation . . . it is impossible for the BOP to properly place or transfer the applicant." *Id.* at 5. Mr. Davis's habeas petition was referred to a magistrate judge.

On November 24, 2020, the magistrate judge recommended that Mr. Davis's petition be denied and his case be dismissed. Specifically, the magistrate judge concluded the court lacked subject-matter jurisdiction over Mr. Davis's "request that the BOP conduct a medical evaluation before determining where he should be housed," because a request for "a change in the place of confinement is properly construed as a challenge to the conditions of confinement, and, thus, must be brought in a civil rights action." *Id.* at 14–15 (quoting *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012)). It further noted that a "request for a medical evaluation alone" is also a challenge to the conditions of confinement. *Id.* at 14.

Mr. Davis timely filed an objection to the magistrate judge's report and recommendation. Mr. Davis argued that the magistrate judge erred because he "did not ask the court to review a designation of a place of imprisonment," but instead "request[ed] that the Court order the [BOP] to execute the sentencing court's request, which is a challenge to the execution" of his sentence. *Id.* at 18–19 (Applicant's Objections to the Recommendation of the U.S. Magistrate Judge, filed Dec. 7, 2020).

3

However, the district court nevertheless accepted and adopted the magistrate judge's report and recommendation over Mr. Davis's objection.  The district court concluded that because "Applicant seeks neither release, nor a shortened period of physical imprisonment" § 2241 did not provide the relief Mr. Davis sought.  *Id.* at 24 (Dist. Ct. Order, entered Dec. 11, 2020).  The district court further explained, "Applicant's request for an evaluation, *per se*, is a challenge to the conditions of his confinement and properly brought pursuant to *Bivens*,[2] not pursuant to 28 U.S.C. § 2241."  *Id.*  Accordingly, the district court denied Mr. Davis's petition for a writ of habeas corpus and dismissed his case for lack of subject-matter jurisdiction.  Mr. Davis timely appealed.

## II

We review the district court's disposition of Mr. Davis's habeas corpus petition de novo.  *Palma-Salazar*, 677 F.3d at 1035.

"Habeas corpus review is available under § 2241 if an individual is 'in custody in violation of the Constitution or laws or treaties of the United States.'"  *Id.* (quoting 28 U.S.C. § 2241(c)(3)).  In contrast to other forms of habeas relief,

---

2      *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Through *Bivens*, "the U.S. Supreme 'Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'"  *Ingram v. Faruque*, 728 F.3d 1239, 1243 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).

we have explained that "[a] petition brought under 28 U.S.C. § 2241 typically 'attacks the execution of a sentence rather than its validity.'" *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the '"traditional function of the writ is to secure release from illegal custody."'" *Palma-Salazar*, 677 F.3d at 1035 (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)).

Although "the Supreme Court has not set the precise boundaries of habeas actions, it has distinguished between habeas actions and those challenging conditions of confinement," and we have "endorsed this distinction." *Id.* (quoting *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000)). So "a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Id.* On the other hand, "although a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters, this does not make § 2241 actions like 'condition of confinement' lawsuits which are brought under civil rights laws." *McIntosh*, 115 F.3d at 811–12 (citation omitted). Specifically, we have explained that "a request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement

5

and, thus, must be brought" as a civil-rights lawsuit. *Palma-Salazar*, 677 F.3d at 1035 (quoting *United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006)).

**III**

**A**

Mr. Davis raises two issues on appeal. First, he argues that the district court's decision conflicts with *Berman v. United States*, 302 U.S. 211 (1937). Aplt.'s Opening Br. at 3. Specifically, because *Berman* states that a "[f]inal [j]udgment in a criminal case means sentence" and "[t]he sentence is the [j]udgment," Mr. Davis argues that the district court erred by "refus[ing] to acknowledge that [his] final [j]udgment in his criminal case, is his sentence." *Id.* (quoting *Berman*, 302 U.S. at 212). Instead, Mr. Davis argues that the district court "abandoned *Berman*'s meaning of what a sentence is, and redefined what a sentence means, so that [he] could not challenge the execution of his sentence under 28 U.S.C. § 2241." *Id.*

Second, Mr. Davis argues the district court erred by relying on *Palma-Salazar* and *Richards v. Bellmon*, 941 F.2d 1018 (10th Cir. 1991), for the proposition that his claim could not be properly brought under habeas and instead must be brought as a civil-rights action. He argues that the court should have instead applied *Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000). *Id.* at 3–4. He explains that "the district court was required to apply *Montez* to allow [him] to challenge the execution of his sentence under 28 U.S.C. § 2241" because his

6

habeas petition "concerned execution of his sentence" and "recommendations by the sentencing court that were in his final [j]udgment." *Id.* at 3.

## B

Mr. Davis's arguments for reversal, however, are unavailing. As to the first, the place of confinement is not a part of a defendant's sentence. Accordingly, a sentencing court's recommendation, as here, that a defendant be evaluated for possible confinement in a particular kind of penal institution would not be part of the defendant's sentence. That is, it would not be part of the sentence that the BOP is charged with executing. Consequently, the BOP's failure to evaluate Mr. Davis for transfer to a federal medical facility did not amount to the BOP's failure to execute his sentence. *Berman* is inapposite. More specifically, that case certainly does not stand for the proposition that Mr. Davis seems to think—in essence, that every piece of information in a criminal judgment implicating where defendants may serve their sentence is actually part of the sentence itself. Accordingly, we cannot conclude that the BOP's failure to evaluate Mr. Davis for placement in a federal medical facility is tantamount to the BOP's failure to execute his sentence within the meaning of 28 U.S.C. § 2241. As for Mr. Davis's second argument, suffice it to say here that Mr. Davis's objection to the court's reliance on *Palma-Salazar* and *Bellmon* is entirely without merit.

1

The BOP's failure to evaluate Mr. Davis for transfer to a particular place of confinement—i.e., a federal medical facility—did not amount to the BOP's failure to execute his sentence. We have explained that "the place of confinement [is] no part of the sentence." *Joslin v. Moseley*, 420 F.2d 1204, 1206 (10th Cir. 1969) (quoting *Bowen v. United States*, 174 F.2d 323, 324 (10th Cir. 1949)). It logically follows that neither is a court's recommendation regarding an antecedent matter that is necessarily and inextricably intertwined with the determination of a defendant's place of confinement: that is, a court's recommendation that a defendant be evaluated for possible transfer to a particular place of confinement (i.e., a federal medical facility).

To be sure, Mr. Davis stresses that he does not seek a change in his place of confinement but only seeks to be evaluated—pursuant to the sentencing court's recommendation—for possible placement in a medical facility. This strikes us as being a distinction without a difference. More importantly, Mr. Davis does not point to any legal authority under which the BOP's failure to follow such a sentencing recommendation of evaluation has been held to be tantamount to the BOP's failure to execute a sentence, which would be conduct challengeable under § 2241. The absence of such authority is not surprising. That is because, as we have suggested, the evaluation that Mr. Davis seeks is necessarily and inextricably intertwined with a determination regarding a change in the place of his confinement. And the place of confinement is not a part of a defendant's

8

sentence.

This point is reinforced when we consider that the authority to determine where defendants will be confined and what prison programs they will be permitted to participate in rests with the BOP and not the federal courts. Specifically, we have recognized that "Section 3621(b) [of title 18 U.S. Code] directs the BOP 'to designate the place of a prisoner's imprisonment'—language that gives the executive branch primary authority over any petition challenging a prisoner's place of confinement." *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (quoting 18 U.S.C. § 3621(b)); *see Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992) ("Under 18 U.S.C. § 3621(b), the [BOP] . . . may direct confinement in any available facility and may transfer a prisoner from one facility to another at any time. Moreover, state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution.").

Relatedly, we have explained that "the district court's recommendations [concerning a defendant's participation in a treatment program during confinement] are not binding on the [BOP]." *United States v. Dougan*, 684 F.3d 1030, 1033 (10th Cir. 2012); *see also Downey v. Crabtree*, 100 F.3d 662, 671 (9th Cir. 1996) ("The district courts may recommend that particular prisoners receive drug rehabilitation while incarcerated; however, they may not order such treatment."); *United States v. Jackson*, 70 F.3d 874, 877 (6th Cir. 1995) ("[I]t is

solely within the authority of the [BOP] to select those prisoners who will be best served by participation in [drug rehabilitation] programs."), *overruled on other grounds by United States v. Deen*, 706 F.3d 760 (6th Cir. 2013); *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995) ("A sentencing court has no authority to order that a convicted defendant be confined in a particular facility, much less placed in a particular treatment program; those decisions are within the sole discretion of the [BOP]."); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) ("These cases hold that a court may recommend that a sentence imposed under section 3621 be served in a particular prison or jail, but that only the [BOP] has the actual authority to designate the place of incarceration.").

And *Berman* is not to the contrary. That case dealt with the distinct and unrelated question of when a criminal sentence constitutes a final appealable judgment for jurisdictional purposes. *See Berman*, 302 U.S. at 212. In that context, the Court made the following observation, which Mr. Davis quotes: "Final judgment in a criminal case means sentence. The sentence is the judgment." *Id.* And stemming from this observation, the Court held that, "the finality of the judgment was not lost because execution was suspended." *Id.* It is easy to see that the factual and legal context of *Berman* bear no resemblance to this case. Moreover, it is noteworthy that, in significant part, *Berman* instructs on the nature of a criminal sentence that causes it to constitute a final judgment, whereas—by its clear import—Mr. Davis's argument would have us read *Berman*

10

as offering counsel on the something akin to the obverse, that is, the features of a final criminal judgment that cause it to constitute a criminal sentence. That is because Mr. Davis essentially relies on *Berman* for the proposition that every piece of information in a criminal judgment implicating where defendants may serve their sentence is actually part of the sentence itself. The upshot is *Berman* is inapposite, and Mr. Davis's reliance on that case is misplaced. The inclusion in Mr. Davis's criminal judgment of the court's recommendation to the BOP that he be evaluated for possible placement in a federal medical facility did not mean that this recommendation was part of Mr. Davis's sentence.

In sum, the BOP's failure to evaluate Mr. Davis for placement in a federal medical facility, as recommended by the sentencing court, did not constitute a failure to execute Mr. Davis's sentence. And therefore Mr. Davis's challenge was not properly brought under § 2241.[3]

---

[3]     As the magistrate judge and the district court suggested, the kind of relief that Mr. Davis seeks is ordinarily pursued in civil-rights actions, not in habeas actions under § 2241. In this regard, we have explained "that a request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement and, thus, must be brought pursuant to [*Bivens*]." *Palma-Salazar*, 677 F.3d at 1035 (alteration in original) (quoting *Garcia*, 470 F.3d at 1003). Similarly, we previously stated that because a prisoner "challenged the 'BOP's choice of prisons,' he challenged the conditions of his confinement rather than the fact or duration of his federal custody. Thus, his claim was 'properly raised under *Bivens* and not in habeas.'" *Id.* at 1035–36 (citation omitted) (quoting *Boyce v. Ashcroft*, 251 F.3d 911, 918, *vacated as moot*, 268 F.3d 953 (10th Cir. 2001)). Therefore, the ultimate relief that Mr. Davis seeks would be the type ordinarily pursued in a civil-rights action,

(continued...)

11

**2**

Mr. Davis argues that the district court erred by relying on a statement in *Palma-Salaza*r "to limit 28 U.S.C. § 2241 to immediate release from, or a shortened period of, physical imprisonment" because "the two reasons for § 2241 relief that were given in *Palma-Salazar*[] are not exhaustive."  Aplt.'s Opening Br. at 4.  It is true that panels of this court have recognized relief under § 2241 to be appropriate in certain narrow circumstances outside of immediate release from, or a shortened period, of physical imprisonment.  *See, e.g.*, *Dade v. Sanders*, 510 F. App'x 714, 717 n.5 (10th Cir. 2013) (unpublished) ("[S]imply because Mr. Dade is not challenging his actual confinement does not mean that he is not challenging the *execution* of his sentence.  The $500 assessment and $5,000 fine are undoubtedly part of Mr. Dade's sentence.  In other words, where a petitioner challenges the execution of his sentence, even though he is not challenging the actual physical custodial aspect of execution, § 2241 applies to his challenge."); *Davis v. Wiley*, 260 F. App'x 66, 68 n.2 (10th Cir. 2008) (unpublished) ("Because this claim attacks the execution of [Mr.] Davis's sentence [that is, enforcement of the court-ordered special assessment and restitution], it is properly raised in a § 2241 petition.").  These cases are not binding precedent of course.  But, in any

---

[3](...continued)
not in a habeas action under § 2241.

event, Mr. Davis cannot benefit from them: he does not challenge the imposition of any fine or other monetary assessment that was imposed on him at sentencing. And, as we discussed *supra*, Mr. Davis seeks relief that does not otherwise concern the execution of any part of his sentence. Therefore, this argument is unavailing.

Further, Mr. Davis also argues that the district court erred in not applying *Montez* because, according to Mr. Davis, *Montez* held that "a habeas petition challenging the execution of a sentence is properly brought under § 2241." Aplt.'s Opening Br. at 3. For starters, for the reasons already stated, Mr. Davis's action does not challenge the execution of his sentence. Putting that aside, Mr. Davis's reliance on *Montez* is nevertheless misplaced.

In *Montez*, a state prisoner challenged "the fact or duration of his confinement in Colorado," a different state than where he had originally been convicted and sentenced. *Montez*, 208 F.3d at 865. As we noted in *Palma-Salazar*, "[Mr.] Montez challenged 'a state's authority to imprison [him] in another state.'" *Palma-Salazar*, 677 F.3d at 1036 (second alteration in original) (quoting *Boyce v. Ashcroft*, 251 F.3d 911, 918, *vacated as moot*, 268 F.3d 953 (10th Cir. 2001)). So "his claim was 'properly raised under Section 2241 because [he] challenged the *fact or duration of custody in a particular state*.'" *Id.* (alteration in original) (quoting *Boyce*, 251 F.3d at 918); *see also Rael*, 223 F.3d at 1154 ("[T]he fact that an inmate is transferred to, or must reside in, a private

13

prison, simply does not raise a federal constitutional claim, though it may be raised procedurally under § 2241."); *Boyce*, 251 F.3d at 918 ("Section 2241 may be used to challenge the underlying authority of an entity to hold a prisoner in custody, whether that entity is a separate jurisdiction or a private company.").

It should be patent that *Montez* is inapposite. Mr. Davis does not argue that the federal government lacks the authority to hold him in custody. He instead argues that the BOP did not undertake a recommended evaluation for his placement in a federal medical facility. Because Mr. Davis "does not challenge the underlying authority of the BOP to hold him in custody," and "[h]e merely challenges his placement within the federal prison system," *Palma-Salazar*, 677 F.3d at 1036, Mr. Davis's case is distinguishable from the narrow circumstance that *Montez* contemplated, which allowed a prisoner to bring a claim under § 2241. Mr. Davis's reliance on *Montez* is thus misplaced.

### IV

For the foregoing reasons, we **AFFIRM** the district court's judgment. We **GRANT** Mr. Davis's motion to proceed with this appeal IFP.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge


14